MICHAEL L. FRADIN (0091739)
*mike@fradinlaw.com*
LAW OFFICE OF MICHAEL L. FRADIN
8401 Crawford Ave., Suite 104
Skokie, IL 60076
Telephone: 847/986-5889
Facsimile: 847/673-1228

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| BRITTNEY WALKER, | Case No. ---------- |
| *On behalf of herself and all others similarly situated* | **COMPLAINT FOR VIOLATIONS OF:** |
| Plaintiff, | 1. **The Fair Labor Standards Act (29 U.S.C. §§ 201-219);** |
| *v.* | 2. **FRCP 23 Class Action (State-Law Claims):** |
| WALGREENS SPECIALTY PHARMACY, LLC, d/b/a AllianceRX Walgreens Prime, LLC |    a. **Article II, § 34a of the Ohio Constitution** |
| |    b. **Ohio Revised Code Chapter 4111: Ohio Minimum Fair Wage Standards Act** |
| c/o Illinois Corporation Service C 801 ADLAI Stevenson Drive Springfield, IL 62703 | DEMAND FOR JURY TRIAL |
| Defendant. | Judge ------- Magistrate Judge ------ |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Now comes Plaintiff, Brittney Walker, by and through counsel, and for her Complaint

against Defendant, Walgreens Specialty Pharmacy, LLC, states and alleges the following:

**INTRODUCTION**

1.      This is a "collective action" instituted by Plaintiff as a result of Defendant's

practices and policies of not paying its non-exempt employees, including Plaintiff and other

similarly-situated employees, for all hours worked, in violation of the Fair Labor Standards Act

("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to

1

remedy violations of Article II, § 34A of the Ohio Constitution and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.      The Court has supplemental jurisdiction over Plaintiff's OMFWSA and Ohio Constitutional claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant is headquartered and has its principal place of business in Lake County, Illinois.

## PARTIES

5.      At all times relevant herein, Plaintiff has been a citizen of the United States and a resident of Ohio.

6.      At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and R.C. 4111.03(D)(3).

7.      Defendant Walgreens Specialty Pharmacy, LLC is a limited liability company for profit with a principal place of business in Deerfield, Illinois and does business as AllianceRX Walgreens Prime.

8.      At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and R.C. 4111.03(D)(2).

9.      At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

2

10.     At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11.     At all times relevant herein, Plaintiff and the putative class members were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

12.     Plaintiff's consent is attached as exhibit A. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

13.     Defendant operates call centers that employ customer service representatives, which Defendant has also referred to as, *inter alia*:  patient care coordinators, customer care specialists, and call center agents (hereinafter "customer service representatives").

14.     Defendant also employs representatives who work remotely and perform the same tasks as customer service representatives who work at call centers.

15.     At all relevant times, Plaintiff resided in Cincinnati, Ohio.

16.     Plaintiff was employed by Defendant as a remote customer service representative from about February 2021 to September 2021.

17.     Plaintiff and other similarly-situated employees were employed as customer service representatives or performed similar tasks as customer service representatives.

18.     Plaintiff was a temporary employee of Defendant's placed by a staffing agency.

19.     Other similarly-situated customer service representatives were either permanent employees of Defendant's or were temporary employees placed by staffing agencies.

20.     At all times relevant hereto, Defendant was an employer and/or joint employer of

3

Plaintiff and other temporary employees, as they were fully integrated into Defendant's business model; Defendant derives a substantial portion of its revenue from work performed by the temporary employees; and Defendant set the temporary employees' schedules and rates of pay.Plaintiff and other similarly-situated employees were non-exempt employees under the FLSA.

21.     Plaintiff and other similarly-situated employees were paid an hourly wage.

22.     Plaintiff and other similarly-situated employees regularly worked 40 or more hours per week.

**(Failure to Pay for Time Spent Starting and Logging into
Computer Systems, Applications, and Call System)**

23.     Plaintiff and other similarly-situated employees were required by Defendant to perform unpaid work before clocking in each day, including but not limited to starting and logging into Defendant's computer systems, numerous software applications, and call system.

24.     Defendant arbitrarily failed to count this work performed by Plaintiff and other similarly-situated employees as "hours worked."

25.     Plaintiff and other similarly-situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

26.     This unpaid work performed by Plaintiff and other similarly-situated employees was practically ascertainable to Defendant.

27.     There is no practical administrative difficulty of recording this unpaid work of Plaintiff's and other similarly-situated employees.  It could be precisely recorded for payroll purposes simply by allowing them to clock in and be paid before they started and logged into Defendant's computer systems, applications, and call system.

28.     This unpaid work performed by Plaintiff and other similarly-situated employees constituted a part of their principal activities, was required by Defendant, and was performed for

4

Defendant's benefit.

29.     Moreover, this unpaid work is an integral and indispensable part of other principal activities performed by Plaintiff and other similarly-situated employees.  They cannot perform their work without bringing up Defendant's computer systems, applications, and call system.

**(Failure to Pay for Time Spent on Post-Shift Calls, Shutting Down Computer Systems, Applications, and Call System)**

30.     Plaintiff and other similarly-situated employees were required by Defendant to perform unpaid work after their shift ended each day including but not limited to shutting down and logging out of Defendants' computer systems, numerous software applications, and call system.

31.     Defendant arbitrarily failed to count this work performed by Plaintiff and other similarly-situated employees as "hours worked."

32.     Plaintiff and other similarly-situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

33.     This unpaid work performed by Plaintiff and other similarly-situated employees was practically ascertainable to Defendant.

34.     There was no practical administrative difficulty of recording this unpaid work of Plaintiff and other similarly-situated employees.  It could have been precisely recorded for payroll purposes simply by allowing them to clock out after shutting down Defendant's computer systems, applications, and call system and before and after other meetings and work time.

35.     This unpaid work performed by Plaintiff and other similarly-situated employees constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

36.     Moreover, this unpaid work was an integral and indispensable part of other

5

principal activities performed by Plaintiff and other similarly-situated employees.

**(Failure to Pay for Time Spent Working but not Logged into Computer Systems)**

37.     Defendant utilized a timekeeping system such that Plaintiff and similarly situated employees are not paid for all hours worked.

38.     Plaintiff and similarly situated employees are not compensated for the time spent not logged into call programs or any other time spent working to log in or out of the computer systems, applications, and call system.

**(Failure to Pay Overtime Compensation)**

39.     As a result of Plaintiff and other similarly-situated employees not being paid for all hours worked, Plaintiff and other similarly-situated employees were not paid overtime compensation for all of the hours they worked over 40 each workweek.

**(Failure to Keep Accurate Records)**

40.     Defendant failed to make, keep and preserve records of the unpaid work performed by Plaintiffs and other similarly-situated employees when not clocked in.

**(Defendant Willfully Violated the FLSA)**

41.     Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**COLLECTIVE ACTION ALLEGATIONS**

42.     Plaintiff brings Count One of this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

43.     The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a

member, is composed of and defined as follows:

> All former and current customer service representatives or persons with jobs performing substantially identical functions and/or duties to customer service representatives employed by Defendant during the statutory period covered by this Complaint.

44.     Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of more than 100 persons.

45.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.  In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages.  Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

46.     These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's payroll records.  These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## **CLASS ACTION ALLEGATIONS**

47.     Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and all other members of the class ("the Ohio Class") defined as:

> All former and current customer service representatives or persons with jobs performing substantially identical functions and/or duties to customer service representatives employed by Defendant in the State of Ohio during the statutory period covered by this Complaint.

48.     The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of the potential Ohio Class, but upon information and belief, avers that it consists of at least 100 persons.

49.     There are questions of law or fact common to the Ohio Class, including but not limited to the following:

> (a) whether Defendant failed to pay overtime compensation to its customer representatives for hours worked in excess of 40 each workweek; and
>
> (b) what amount of monetary relief will compensate Plaintiff and other members of the Class for Defendant's violation of R.C. 4111.03 and 4111.10 and Article II, § 34A of the Ohio Constitution.

50.     The claims of the named Plaintiff is typical of the claims of other members of the Ohio Class.  Named Plaintiff's claims arise out of the same uniform course of conduct by Defendant and are based on the same legal theories as the claims of the other Ohio Class members.

51.     The named Plaintiff will fairly and adequately protect the interests of the Ohio Class.  Her interests are not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members.  The named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Class in this case.

52.     The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members.  The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

53.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually

would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

<u>COUNT ONE</u>
**(Fair Labor Standards Act Violations)**

54.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

55.     Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for work performed before clocking in each day violated the FLSA, 29 U.S.C. § 207, 29 CFR § 785.24.

56.     Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for all work performed each day violates the FLSA, 29 U.S.C. § 207, 29 CFR § 785.24.

57.     Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violates the FLSA, 29 U.S.C. § 207.

58.     Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly-situated employees violates the FLSA, 29 C.F.R. 516.2(a)(7).

59.     By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

60.     As a result of Defendant's practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant

to the FLSA.

## COUNT TWO
### (Violations of Ohio Revised Code 4111.03 and Article II, § 34A of the Ohio Constitution)

61.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

62.     Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for work performed before clocking in each day violated the OMFWSA, R.C. 4111.03 and Article II, § 34A of the Ohio Constitution.

63.     Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for work performed after their shift ended violated the OMFWSA, R.C. 4111.03 and Article II, § 34A of the Ohio Constitution.

64.     Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for work performed when not logged into Defendant's computer systems, applications, and call system violated the OMFWSA, R.C. 4111.03 and Article II, § 34A of the Ohio Constitution.

65.     Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the OMFWSA, R.C. 4111.03 and Article II, § 34A of the Ohio Constitution

66.     By failing to pay Plaintiff and other similarly-situated employees' overtime compensation, Defendant willfully, knowingly and/or recklessly violated the provisions of the OMFWSA, R.C. 4111.03 and Article II, § 34A of the Ohio Constitution.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this

Honorable Court:

    A.    Issue an order permitting this litigation to proceed as a collective action;

    B.    Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

    C.    Award Plaintiff and the classes she represents actual damages for unpaid wages;

    D.    Award Plaintiff and the Rule 23 Class compensatory damages;

    D.    Award Plaintiff and the classes she represents statutory liquidated damages;

    E.    Award Plaintiff and the classes she represents pre- and post-judgment interest at the statutory rate;

    F.    Award Plaintiff and the classes she represents attorneys' fees, costs, and disbursements; and

    G.    Award Plaintiff and the classes she represents further and additional relief as this Court deems just and proper.

           Respectfully submitted,

           /s/ Michael L. Fradin
           Michael Fradin (0091739)
           Law Office Michael L. Fradin
           8401 Crawford Ave. Suite 104
           Skokie, IL 60076
           Phone: 847-986-5889
           Fax: 847-673-1228
           mike@fradinlaw.com

           Matthew S. Grimsley (Ohio 0092942)
           (*pro hac vice motion forthcoming*)
           Anthony J. Lazzaro (Ohio 0077962)
           (*pro hac vice motion forthcoming*)
           Lori M. Griffin (Ohio 0085241)
           (*pro hac vice motion forthcoming*)
           Alanna Klein Fischer (Ohio 0090986)
           (*pro hac vice motion forthcoming*)
           The Lazzaro Law Firm, LLC

The Heritage Building, Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Fax: 216-696-7005
matthew@lazzarolawfirm.com
anthony@lazzarolawfirm.com
lori@lazzarolawfirm.com
alanna@lazzarolawfirm.com

Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiff demands a trial by jury on all eligible claims and issues.

/s/ Michael L. Fradin
One of Plaintiff's Attorneys