IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| BRITTNEY WALKER<br><br>and<br><br>DUSHANNA JONES,<br><br>*On behalf of themselves and all others similarly situated,*<br><br>     Plaintiffs,<br><br>  *v.*<br><br>WALGREENS SPECIALTY PHARMACY, LLC, d/b/a AllianceRX Walgreens Prime, LLC<br><br>c/o Illinois Corporation Service C<br>801 ADLAI Stevenson Drive<br>Springfield, IL 62703<br><br>     Defendant. | Case No. 1:21-cv-05780<br><br>**SECOND AMENDED COMPLAINT FOR VIOLATIONS OF:**<br><br>1. **The Fair Labor Standards Act (29 U.S.C. §§ 201-219);**<br>2. **FRCP 23 Class Action (State-Law Claims):**<br> a. **Ohio Minimum Fair Wage Standards Act: Ohio R.C. 4111 and Article II, § 34a of the Ohio Constitution**<br> b. **Illinois Minimum Wage Law - Overtime Wages: 820 ILCS 105/1, et seq.,**<br> c. **Illinois Wage Payment and Collection Act - Unpaid Expenses: 820 ILCS 115/1,** *et. seq*.<br><br>DEMAND FOR JURY TRIAL<br><br>  Judge Lindsay C. Jenkins |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Now comes Plaintiffs, Brittney Walker and Dushanna Jones, by and through counsel, and for their Complaint against Defendant, Walgreens Specialty Pharmacy, LLC, state and allege the following:

**INTRODUCTION**

1. This is a "collective action" instituted by Plaintiffs as a result of Defendant's practices and policies of not paying its non-exempt employees, including Plaintiffs and other similarly-situated employees, for all hours worked, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of Article II, § 34A of the Ohio Constitution and the Ohio Minimum Fair Wage

1

Standards Act ("OMFWSA"), R.C. 4111.03, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1, *et. seq*.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction over Plaintiffs' IMWL, IWPCA, OMFWSA and Ohio Constitutional claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant's principal place of business is Lake County, Illinois, and a substantial part of the events and omissions giving rise to the claims occurred in this District.

## PARTIES

5. At all times relevant herein, Plaintiff Brittany Walker ("Plaintiff Walker") has been a citizen of the United States and a resident of Ohio.

6. At all times relevant herein, Plaintiff Walker was an employee within the meaning of 29 U.S.C. § 203(e) and R.C. 4111.03(D)(3).

7. At all times relevant herein, Plaintiff Dushanna Jones ("Plaintiff Jones") has been a citizen of the United States and a resident of Illinois.

8. At all relevant times, Plaintiff Jones was an employee within the meaning of 29 U.S.C. § 203(e) and 820 ILCS 105/3(d).

9. Defendant Walgreens Specialty Pharmacy, LLC is a limited liability company for profit with a principal place of business in Deerfield, Illinois and does business as AllianceRX

Walgreens Prime.

10. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d), R.C. 4111.03(D)(2), 820 ILCS 105/3(c), and 820 ILCS 115/2.

11. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

12. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13. At all times relevant herein, Plaintiffs and the putative class members were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

14. Plaintiff Walker has given her written consent to be named party Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which was filed in this matter on October 28, 2021. (Doc. #1-1). Consents to Join have also been filed by opt-in plaintiffs.

15. Plaintiff Jones has given her written consent to be named party Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which was filed in this matter on February 16, 2022. (Doc. # 28-1).

16. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

17. Defendant operates call centers that employ customer service representatives, which Defendant has also referred to as, *inter alia*: patient care coordinators, customer care specialists, and call center agents (hereinafter "customer service representatives").

18. Defendant also employs representatives who work remotely and perform the same

tasks as customer service representatives who work at call centers.

19. At all relevant times, Plaintiff Walker resided in Cincinnati, Ohio.

20. At all relevant times, Plaintiff Jones resided in Zion, Illinois.

21. Plaintiff Walker was employed by Defendant as a remote customer service representative from about February 2021 to September 2021.

22. Plaintiff Jones was employed by Defendant from about August 2018 through the present. Between approximately August 2018 and October 2019, and March 2020 and June 2020, Plaintiff Jones was employed as customer service representative at Defendant's Bannockburn, Illinois call center. From approximately October 2019 to March 2020, and approximately June 2020 through the March 2022, Plaintiff Jones was employed with Defendant as a remote customer service representative, working from her home in Zion, Illinois.

23. Plaintiffs and other similarly-situated employees were employed as customer service representatives or performed similar tasks as customer service representatives.

24. From approximately January 2019 through March 2022, Plaintiff Jones was a permanent employee of Defendant's who worked for Defendant in Illinois.

25. Plaintiff Walker was a temporary employee of Defendant's placed by a staffing agency.

26. Other similarly-situated customer service representatives were either permanent employees of Defendant's or were temporary employees placed by staffing agencies.

27. At all times relevant hereto, Defendant was an employer and/or joint employer of Plaintiffs and other temporary employees, as they were fully integrated into Defendant's business model; Defendant derives a substantial portion of its revenue from work performed by the temporary employees; and Defendant set the temporary employees' schedules and rates of pay.

Plaintiffs and other similarly-situated employees were non-exempt employees under the FLSA.

28. Plaintiffs and other similarly-situated employees were paid an hourly wage.

29. Plaintiffs and other similarly-situated employees regularly worked more than 40 hours per week.

30. Plaintiff Jones estimates that, on average, she worked approximately 45 hours per workweek throughout her employment with Defendant, and some weeks she worked as much as 50 hours. Plaintiff Jones estimates that from February 2019 (3 years prior to the date she joined this action) through the date of her employment with Defendant ended, she worked approximately 45 hours per workweek on average.

31. Plaintiff Walker estimates that, on average, she worked approximately 50 hours each workweek throughout her employment with Defendant from approximately February 2021 to September 2021.

**(Failure to Pay for Time Spent Starting and Logging into Computer Systems, Applications, and Call System)**

32. Plaintiffs and other similarly-situated employees were required by Defendant to perform unpaid work before clocking in each day, including but not limited to starting and logging into Defendant's computer systems, numerous software applications, and call system.

33. Defendant arbitrarily failed to count this work performed by Plaintiffs and other similarly-situated employees as "hours worked."

34. Plaintiffs and other similarly-situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

35. This unpaid work performed by Plaintiffs and other similarly-situated employees was practically ascertainable to Defendant.

36. There is no practical administrative difficulty of recording this unpaid work of

5

Plaintiffs' and other similarly-situated employees. It could be precisely recorded for payroll purposes simply by allowing them to clock in and be paid before they started and logged into Defendant's computer systems, applications, and call system.

37. This unpaid work performed by Plaintiffs and other similarly-situated employees constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

38. Moreover, this unpaid work is an integral and indispensable part of other principal activities performed by Plaintiffs and other similarly-situated employees. They cannot perform their work without bringing up Defendant's computer systems, applications, and call system.

**(Failure to Pay for Time Spent on Post-Shift Calls, Shutting Down Computer Systems, Applications, and Call System)**

39. Plaintiffs and other similarly-situated employees were required by Defendant to perform unpaid work after their shift ended each day including but not limited to shutting down and logging out of Defendants' computer systems, numerous software applications, and call system.

40. Defendant arbitrarily failed to count this work performed by Plaintiffs and other similarly-situated employees as "hours worked."

41. Plaintiffs and other similarly-situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

42. This unpaid work performed by Plaintiffs and other similarly-situated employees was practically ascertainable to Defendant.

43. There was no practical administrative difficulty of recording this unpaid work of Plaintiffs and other similarly-situated employees. It could have been precisely recorded for payroll purposes simply by allowing them to clock out after shutting down Defendant's computer systems,

6

applications, and call system and before and after other meetings and work time.

44. This unpaid work performed by Plaintiffs and other similarly-situated employees constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

45. Moreover, this unpaid work was an integral and indispensable part of other principal activities performed by Plaintiffs and other similarly-situated employees.

**(Failure to Pay for Time Spent Working but not Logged into Computer Systems)**

46. Defendant utilized a timekeeping system such that Plaintiffs and similarly situated employees are not paid for all hours worked.

47. Plaintiffs and similarly situated employees are not compensated for the time spent not logged into call programs or any other time spent working to log in or out of the computer systems, applications, and call system.

**(Failure to Pay Overtime Compensation)**

48. As a result of Plaintiffs and other similarly-situated employees not being paid for all hours worked, Plaintiffs and other similarly-situated employees were not paid overtime compensation for all of the hours they worked over 40 each workweek.

49. Plaintiff Walker estimates that she spent at least 20 to 30 minutes per workday logging into and out of Defendant's computer systems, software applications, and phone system.

50. Likewise, Plaintiff Jones estimates that, on average, she spent approximately 20 to 30 minutes per workday logging into and out of Defendant's computer systems, software applications, and phone system.

51. Other similarly situated employees spent at least 20 to 30 minutes per workday logging into and out of Defendant's computer systems, software applications, and phone system.

7

52. The time Plaintiffs and other similarly situated employees spent logging into and out of Defendant's computer systems, software applications, and phone system was in addition to the 40 or more hours they worked while clocked-in for their scheduled shift.

53. Thus, the time Plaintiffs and other similarly situated employees spent logging into and out of Defendant's computer systems software applications, and phone system, was time worked in excess of 40 hours per week, and thus, constituted overtime work for which Defendant was required to pay them at a rate of one and one-half times their regular hourly rate.

54. Defendant failed to pay Plaintiffs and other similarly situated employees for the time spent logging into and out of Defendant's computer systems, software applications, and phone system, and thus, failed to pay Plaintiffs and other similarly situated employees overtime compensation as required by law.

**(Failure to Keep Accurate Records)**

55. Defendant failed to make, keep and preserve records of the unpaid work performed by Plaintiffs and other similarly-situated employees when not clocked in.

**(Defendant Willfully Violated the FLSA)**

56. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**COLLECTIVE ACTION ALLEGATIONS**

57. Plaintiffs bring Count One of this action on their own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

58. The class which Plaintiffs seek to represent and for whom Plaintiffs seek the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiffs are themselves

a member, is composed of and defined as follows:

> All former and current customer service representatives or persons with jobs performing substantially identical functions and/or duties to customer service representatives employed by Defendant during the statutory period covered by this Complaint ("FLSA Class").

59. Plaintiffs are unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of more than 100 persons.

60. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiffs, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiffs are representative of those other employees and is acting on behalf of their interests as well as their own in bringing this action.

61. These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## OHIO CLASS ACTION ALLEGATIONS

62. Plaintiff Walker brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and all other members of the class ("the Ohio Class") defined as:

> All former and current customer service representatives or persons with jobs performing substantially identical functions and/or duties to customer service representatives employed by Defendant in the State of Ohio during the statutory period covered by this Complaint.

63. The Ohio Class is so numerous that joinder of all class members is impracticable.

9

Plaintiff Walker is unable to state at this time the exact size of the potential Ohio Class, but upon information and belief, avers that it consists of at least 100 persons.

64. There are questions of law or fact common to the Ohio Class, including but not limited to the following:

    (a) whether Defendant failed to pay overtime compensation to its customer representatives for hours worked in excess of 40 each workweek; and

    (b) what amount of monetary relief will compensate Plaintiff Walker and other members of the Class for Defendant's violation of R.C. 4111.03 and 4111.10 and Article II, § 34A of the Ohio Constitution.

65. The claims of the named Plaintiff is typical of the claims of other members of the Ohio Class. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendant and are based on the same legal theories as the claims of the other Ohio Class members.

66. The named Plaintiff will fairly and adequately protect the interests of the Ohio Class. Her interests are not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members. The named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Class in this case.

67. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

68. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they

would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## ILLINOIS CLASS ACTION ALLEGATIONS

69. Plaintiff Jones brings Count Three of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and all other members of the class ("the IMWL Class") defined as:

> All former and current customer service representatives or persons with jobs performing substantially identical functions and/or duties to customer service representatives employed by Defendant in the State of Illinois during the statutory period covered by this Complaint.

70. Plaintiff Jones brings Count Four of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and all other members of the class ("the IWPCA Class") defined as:

> All former and current customer service representatives or persons with jobs performing substantially identical functions and/or duties to customer service representatives employed by Defendant in the State of Illinois during the statutory period covered by this Complaint who worked remotely.

71. The IMWL Class and the IWPCA Class (Collectively "The Illinois Classes") are so numerous that joinder of all class members is impracticable. Plaintiff Jones is unable to state at this time the exact size of the potential Illinois Classes, but upon information and belief, avers that they each consist of at least 100 persons.

72. There are questions of law or fact common to the Illinois Classes, including but not limited to the following:

   (c) whether Defendant failed to pay overtime compensation to its customer representatives for hours worked in excess of 40 each workweek; and

   (d) what amount of monetary relief will compensate Plaintiff Jones and other members of the Class for Defendant's violations of the IMWL and

IWPCA.

73. The claims of the named Plaintiff are typical of the claims of other members of the Illinois Classes. Named Plaintiffs' claims arise out of the same uniform course of conduct by Defendant and are based on the same legal theories as the claims of the other Illinois Class members.

74. The named Plaintiff will fairly and adequately protect the interests of the Illinois Classes. Her interests are not antagonistic to, but rather are in unison with, the interests of the other Illinois Class members. The named Plaintiffs' counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Illinois Class in this case.

75. The questions of law or fact that are common to the Illinois Classes predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Illinois Classes, listed above, are common to the classes as a whole and predominate over any questions affecting only individual class members.

76. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Illinois Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Illinois Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**COUNT ONE**
**(Fair Labor Standards Act Violations)**

**(Plaintiffs and FLSA Class)**

77. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

78. Defendant's practice and policy of not paying Plaintiffs and other similarly-situated employees for work performed before clocking in each day violated the FLSA, 29 U.S.C. § 207, 29 CFR § 785.24.

79. Defendant's practice and policy of not paying Plaintiffs and other similarly-situated employees for all work performed each day violates the FLSA, 29 U.S.C. § 207, 29 CFR § 785.24.

80. Defendant's practice and policy of not paying Plaintiffs and other similarly-situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violates the FLSA, 29 U.S.C. § 207.

81. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiffs and other similarly-situated employees violates the FLSA, 29 C.F.R. 516.2(a)(7).

82. The work Plaintiffs and other similarly-situated employees performed while not clocked in each day (including booting up/logging into and shutting down/logging out of Defendant's computer systems, software applications, and phone system) was in addition to the 40 hours or more per week they regularly worked while clocked in, and thus, constituted overtime hours worked.

83. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

84. As a result of Defendant's practices and policies, Plaintiffs and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant

13

to the FLSA.

## COUNT TWO
### (Violations of Ohio Revised Code 4111.03 and Article II, § 34A of the Ohio Constitution)
### (Plaintiff Walker and Ohio Class)

85. Plaintiff Walker incorporates by reference the foregoing allegations as if fully rewritten herein.

86. Defendant's practice and policy of not paying Plaintiff Walker and other similarly-situated employees for work performed before clocking in each day violated the OMFWSA, R.C. 4111.03 and Article II, § 34A of the Ohio Constitution.

87. Defendant's practice and policy of not paying Plaintiff Walker and other similarly-situated employees for work performed after their shift ended violated the OMFWSA, R.C. 4111.03 and Article II, § 34A of the Ohio Constitution.

88. Defendant's practice and policy of not paying Plaintiff Walker and other similarly-situated employees for work performed when not logged into Defendant's computer systems, applications, and call system violated the OMFWSA, R.C. 4111.03 and Article II, § 34A of the Ohio Constitution.

89. Defendant's practice and policy of not paying Plaintiff Walker and other similarly-situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the OMFWSA, R.C. 4111.03 and Article II, § 34A of the Ohio Constitution

90. By failing to pay Plaintiff Walker and other similarly-situated employees' overtime compensation, Defendant willfully, knowingly and/or recklessly violated the provisions of the OMFWSA, R.C. 4111.03 and Article II, § 34A of the Ohio Constitution.

## COUNT THREE
### Violation of the Illinois Minimum Wage Law - Overtime Wages
### (Plaintiff Jones and IMWL Class)

91. Plaintiff Jones incorporates by reference the foregoing allegations as if fully rewritten herein.

92. This count arises from Defendant's violation of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*., for its failure to pay Plaintiff Jones and the class she seeks to represent their earned overtime pay.

93. Defendant's practice and policy of not paying Plaintiff Jones and other similarly-situated employees for work performed before clocking in each day violated the IMWL, 820 ILCS 105/4a.

94. Defendant's practice and policy of not paying Plaintiff Jones and other similarly-situated employees for work performed after their shift ended violated the IMWL, 820 ILCS 105/4a.

95. Defendant's practice and policy of not paying Plaintiff Jones and other similarly-situated employees for work performed when not logged into Defendant's computer systems, applications, and call system violated the IMWL, 820 ILCS 105/4a.

96. Defendant's practice and policy of not paying Plaintiff Jones and other similarly-situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the IMWL, 820 ILCS 105/4a.

97. By failing to pay Plaintiff Jones and other similarly-situated employees' overtime compensation, Defendant willfully, knowingly and/or recklessly violated the provisions of the IMWL.

98. Defendant's failure to pay Plaintiff Jones and similarly situated employees for all

hours worked violated the overtime provisions of the IMWL, 820 ILCS 105/4a.

99. Pursuant to 820 ILCS 105/12(a), affected employees are entitled to recover unpaid overtime wages for three (3) years prior to the filing of this suit, plus punitive damages.

### COUNT FOUR
### (Violation of the Illinois Wage Payment and Collection Act - Unpaid Expenses)
### (Plaintiff Jones and IWPCA Class)

100. Plaintiff Jones realleges and incorporates by reference all allegations in all preceding paragraphs.

101. At all relevant times, Plaintiff and the IWPCA Class Members were compensated on an hourly basis.

102. To perform their job duties for Defendant, Plaintiff Jones and the IWPCA Class Members must have a highspeed internet connection.

103. At all relevant times, Plaintiff paid per month for internet services at her home where she performed her job duties for Defendant remotely.

104. To perform their job duties for Defendant, Plaintiff and the Class Members must have a smart phone. For example, management frequently called and/or texted Plaintiff Jones, and frequently calls and/or texts the IWPCA Class Members throughout the workday in order to supervise and direct their work.

105. At all relevant times, Plaintiff Jones paid approximately $247 per month for internet and phone services when she performed her job duties for Defendant remotely.

106. To perform their job duties for Defendant, Plaintiff and the IWPCA Class Members must purchase equipment and or supplies from time to time.

107. Defendant does not reimburse Plaintiff and the IWPCA Class Members whatsoever for the expenses associated with performing work remotely.

16

108. Under the IWPCA, "[a]n employer shall reimburse an employee for all necessary expenditures or losses incurred by the employee within the employee's scope of employment and directly related to services performed for the employer." 820 ILCS 115/9.5(a). Defendant violated the IWPCA by failing to adequately reimburse Plaintiff and the Class Members for the internet, cell phone and equipment expenses necessary to perform their job duties for Defendant.

109. As a result, Defendant has intentionally failed and/or refused to pay Plaintiff and the IWPCA Class Members according to the provisions of the IWPCA.

110. Defendant has willfully failed and/or refused to pay Plaintiff and the Class Members according to the provisions of the IWPCA.

111. Although at this stage, Plaintiff and the IWPCA Class Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Class Members believe that such information will become available during the course of discovery.

112. As a result of Defendant's failure or refusal to adequately reimburse Plaintiff and the Class Members for the internet, cell phone and equipment expenses necessary to perform their job duties for Defendant, Defendant violated 820 ILCS 115/9.5(a). Plaintiff and the IWPCA Class Members are therefore entitled to payment of all unreimbursed expenses, plus statutory damages and interest, reasonable attorney's fees, and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action;

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this

litigation is pending and that they have the right to "opt in" to this litigation;

      C.      Issue an order certifying the Ohio Class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

      D.      Issue an order certifying the Illinois Classes pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

      E.      Award Plaintiffs and the classes they represent actual damages for unpaid wages;

      F.      Award Plaintiffs and the Rule 23 classes compensatory damages;

      G.      Award Plaintiffs and the classes they represent statutory liquidated damages;

      H.      Award Plaintiffs and the classes they represent pre- and post-judgment interest at the statutory rates;

      I.      Award Plaintiffs and the classes they represent attorneys' fees, costs, and disbursements; and

      J.      Award Plaintiffs and the classes they represent further and additional relief as this Court deems just and proper.

      Respectfully submitted,

/s/ *Matthew S. Grimsley*
Matthew S. Grimsley (Ohio 0092942)
(*admitted pro hac vice*)
Anthony J. Lazzaro (Ohio 0077962)
(*admitted pro hac vice*)
The Lazzaro Law Firm, LLC
The Heritage Building, Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Fax: 216-696-7005
matthew@lazzarolawfirm.com
anthony@lazzarolawfirm.com

Michael Fradin (Ohio 0091739)
Law Office Michael L. Fradin
8401 Crawford Ave. Suite 104
Skokie, IL 60076

>Phone: 847-986-5889
>Fax: 847-673-1228
>mike@fradinlaw.com
>
>Attorneys for Plaintiffs

### **JURY DEMAND**

Plaintiffs demands a trial by jury on all eligible claims and issues.

>/s/ *Matthew S. Grimsley*
>One of Plaintiffs' Attorneys

### **CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2023, a copy of the foregoing *Second Amended Complaint* was filed electronically and served upon all parties via the Court's CM/ECF electronic filing system. Parties may access the filing through the Court's system.

>/s/ *Matthew S. Grimsley*
>One of Plaintiffs' Attorneys