# Exhibit A

## JOINT STIPULATION OF SETTLEMENT AND RELEASE

This Joint Stipulation of Settlement ("Joint Stipulation") was made and entered into by Named/Representative Plaintiffs Brittney Walker and Dushanna Boose ("Representative Plaintiffs") on behalf of themselves and the Settlement Class (as defined herein), and Defendant Walgreens Specialty Pharmacy, LLC, and is conditioned upon the Court's approval.

## DEFINITIONS

1.      "Action" shall mean the civil action in the District Court entitled *Brittney Walker, et al. v. Walgreens Specialty Pharmacy, LLC*, U.S. District Court, Northern District of Illinois, Case No. 1:21-cv-05780.

2.      "Representative Plaintiffs" shall mean Plaintiffs Brittney Walker and Dushanna Boose.

3.      "Defendant" shall mean Defendant Walgreens Specialty Pharmacy, LLC.

4.      "Court" shall mean the United States District Court for the Northen District of Illinois, Eastern Division.

5.      "Settlement Class" shall consist of the Representative Plaintiffs, the 8 Opt-In Plaintiffs,  and Eligible Settlement Participants who cash their checks in connection with this Settlement.

6.      "Eligible Settlement Participants" shall mean those individuals formerly employed by Defendant in call center roles during the time period April 2019 to June 30, 2023 and are set forth by Employee ID number on **Appendix 1**.

7.      "Parties" shall mean the Representative Plaintiffs and Defendant, and "Party" shall mean any one of the Parties.

8.      "Plaintiffs' Counsel" shall mean The Lazzaro Law Firm, LLC and Michael L. Fradin, Attorney at Law.

9.      "Defendant's Counsel" shall mean Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

10.     "Settlement" or "Agreement" shall mean this Joint Stipulation of Settlement and Release.

11.     "Settlement Account" shall be a Qualified Settlement Fund established and controlled by the Settlement Administrator under Section 468B of the Internal Revenue Code and Treas. Reg. §1.468B-1, 26 C.F.R. §1.468B-1, *et seq.*, and which shall have a unique Employer Identification Number.

12.     "Released Period" shall mean the period of time between October 28, 2018 and June 30, 2023.

13.     "Released Parties" means Defendant, together with Defendant's present and former parent companies, subsidiaries, affiliates, divisions, predecessors, successors, assigns, joint ventures, alleged joint employers (including Tata Consultancy Services Limited, and its contractors and subcontractors), and all of their shareholders, officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, successors and assigns, and any other persons acting by through, under, or in concert with any of them.

14.     "Effective Date" shall mean the date on which the Court has granted final approval of the Settlement and has signed and entered an Order so indicating

## RECITALS AND BACKGROUND

15.     On October 28, 2021, Plaintiff Walker, a former contractor/alleged employee of Defendant brought this action as a class and collective action claiming that she and others were not properly paid for time spent logging on/off of Defendant's systems while engaged in call center roles.   Thereafter, in an Amended Complaint, Dushanna Boose, a former employee of Defendant in Illinois, was added as a Representative Plaintiff.

16.     Representative Plaintiffs believe that the Action is meritorious based on alleged violations of the FLSA and Ohio and Illinois law, and that the Action is appropriate for collective treatment.

17.     Defendant has denied that the claims asserted in the Action have any merit or that the Action is appropriate for class or collective treatment, denies all liability, and denies that Plaintiffs were improperly compensated under the FLSA or any other relevant law.

18.     The Parties agree that *bona fide* disputes exist between them, including, *inter alia*: whether Defendant violated the FLSA or any other wage and hour law; whether the alleged unpaid work performed by Plaintiffs was compensable under the FLSA such that Plaintiffs are entitled to overtime compensation; the amount of time Plaintiffs spent performing the alleged unpaid work and whether it was *de minimis*; and whether this case can be maintained as a class or collective action. Moreover, while Defendant contends that Plaintiffs could not succeed on the merits of their claims, even if they could, the Parties also dispute whether Defendant has a good faith defense that would preclude an award of liquidated damages, and whether Defendant's conduct was willful, and thus, whether the two-year or three-year statute of limitations applies.

19.     Prior to negotiating this Settlement, the Parties engaged in extended substantive motion practice and informal discovery, which included a comprehensive exchange of information regarding Plaintiffs' claims and Defendant's defenses to such claims. This included the production of payroll and pay records for Plaintiffs, and an analysis of Plaintiffs' alleged wage damages.

20.     On October 8, 2024, the Parties attended mediation with the mediator Frank A. Ray, after which, the Parties reached an agreement to settle the Action on the terms set forth in this Agreement.

21.     It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all Released Claims for the Release Period.

22.     Plaintiffs' Counsel represents that they have conducted a thorough investigation into the facts of this Action and have diligently pursued an investigation of the claims against Defendant, including researching the applicable law and the potential defenses. Based on their own independent investigation and evaluation, Plaintiffs' Counsel is of the opinion that the Settlement is fair, adequate, and reasonable and is in the best interest of the Plaintiffs in light of all known facts and circumstances, including the risk of significant delay and Defendant's defenses.

23.     Defendant, without admitting liability, agrees that the Settlement is fair, adequate, and reasonable.

24.     This Settlement represents a compromise of highly disputed claims. Nothing in this Settlement is intended or will be construed as an admission by Defendant that Plaintiffs' claims in the Action have merit or that Defendant has liability to Plaintiffs on those claims.

25.     If, for any reason, the material terms of this Joint Stipulation are not approved by the Court, this Joint Stipulation will be void and have no force or effect. Whether or not the Joint Stipulation is approved, neither this Joint Stipulation, nor any document, statement, proceeding, or conduct relating to this Joint Stipulation, nor any reports or accounts thereof, shall in any event be construed as, offered or admitted into evidence as, received as, or deemed to be evidence for any purpose adverse to any Party.

26.     The Parties herein agree to certification of a collective action for settlement of this Action only.  If, for any reason, the Settlement does not become effective, Defendant reserves all rights to contest certification of any collective or class for any reason and reserves all available defenses to any claims in this Action. Furthermore, the consent to conditional certification for settlement purposes only shall not operate as estoppel against Defendant to certification in this or any other action.

## SETTLEMENT PAYMENTS

27.     **Total Maximum Settlement Amount:** The Total Maximum Settlement Amount is Four Hundred Sixty Thousand Dollars ($460,000.00) ("Total Maximum Settlement Amount"), which will cover: (a) all of the Individual Payments to Eligible Settlement Participants; (b) Representative Plaintiffs' Service Award Payments; (c) Plaintiffs' Counsel's attorneys' fees and expenses; and (d) Settlement Administration costs.

28.     **Individual Payments to Eligible Settlement Participants:** From the Total Maximum Settlement Amount, Two Hundred Eighty-Five Thousand, One-Hundred and Fifty-

Three Dollars and Ninety-Seven Cents ($285,153.97) of the Total Settlement Amount will be divided into individually allocated settlement payments ("Individual Payments") to Representative Plaintiffs, Opt-In Plaintiffs and the Eligible Settlement Participants.

29. **Calculation of Individual Payments**: The Individual Payments have been calculated by Plaintiffs' Counsel and are based proportionally on Plaintiffs' and each Eligible Settlement Participant's alleged overtime damages during the Calculation Period and assuming the three (3) year statute of limitations applies. Individual Payments are attached hereto as **Appendix 1**. There will be a minimum payment of $25.00 for any Eligible Settlement Participate calculated with a payout of less than $25.00.

30. **Calculation Period:** The Calculation Period for the Plaintiffs shall mean the period between April 27, 2019 through June 30, 2023.

31. **Treatment of Individual Payments:** One half of the Individual Payments to Eligible Settlement Participants will be treated as payment for wages and the other half as payment for liquidated damages. The Settlement Administrator will report to the IRS and issue to each of the Eligible Settlement Participants an IRS Form W-2 for all amounts paid as wages under this Settlement, and, where required by law, will issue an IRS Form 1099-Misc., in Box 3, to each of the Eligible Settlement Participants for the amount paid as liquidated damages under this Settlement. The Settlement Administrator shall be responsible for determining the proper tax withholding amounts on the W-2 payments. Defendant is responsible for payment of the employer's share of payroll taxes as required by law, and the funds for such payroll taxes shall be wired into the QSF as noted in Paragraph 35, *infra*. Eligible Settlement Participants shall and agree to pay all taxes, if any, which may be deemed owing on any 1099 payments under this Settlement. Eligible Settlement Participants agree to indemnify Defendant for any liability or cost incurred by Defendant if any taxing authority should dispute the treatment of settlement payments or if Plaintiffs fail to pay all taxes for which they are responsible. Furthermore, the gross payments made pursuant to this Agreement shall not be deemed "compensation" for purposes of any qualified retirement plans or other benefit programs, and payment of these amounts does not entitle Eligible Settlement Participants to any other plan contributions for their benefit or account.

32. **Service Award Payments to Representative Plaintiffs:** A total of Ten Thousand Dollars ($10,000) of the Total Settlement Amount will be paid as Service Award Payments to Representative Plaintiffs. Specifically, Five Thousand Dollars ($5,000.00) will be paid as a Service Award Payment to Representative Plaintiff Brittney Walker, and Five Thousand Dollars ($5,000.00) will be paid as a Service Award Payment to Representative Plaintiff Dushanna Boose. The Service Award Payments to Representative Plaintiffs are in addition to their Individual Payments, for their respective services in this litigation, and in exchange for entering into a general release of claims against the Released Parties.

33. **Plaintiffs' Counsel's Attorneys' Fees and Expenses:** One Hundred Fifty-Three Thousand, Three Hundred Thirty-Three Dollars and Thirty-Three Cents ($153,333.33) of the Total Settlement Amount will be paid to Plaintiffs' Counsel for attorneys' fees and an additional Five Thousand Three Hundred Twelve Dollars and Seventy Cents ($5,312.70) for expenses incurred in

the Action. In accordance with the timeline set forth in Paragraph 38, *infra,* the Settlement Administrator will issue payments for the Plaintiffs' Counsel's Attorneys' Fees and Expenses via wire transfer as follows: (a) one payment in the amount of $107,029.32 shall be made by wire transfer to the Lazzaro Law Firm, LLC for its share of the attorneys' fees and costs; and (b) . A separate payment in the amount of $51,616.71 shall be made by wire transfer to Michael L. Fradin, Attorney at Law for its share of the attorneys' fees and costs. In advance of such payments, Plaintiffs' Counsel will provide the Settlement Administrator with executed W-9 forms and wire transfer instructions. The Settlement Administrator will issue the Lazzaro Law Firm, LLC, and Michael L. Fradin, Attorney at Law, a Form 1099-Misc. for their respective payments for attorneys' fees and expenses.

34. **Settlement Administration Costs**: The Parties have selected Atticus Administration LLC as the Settlement Administrator for this Settlement. $6,200.00 (six thousand, two hundred dollars and zero cents) from the Total Maximum Settlement Amount shall be used for the payment of Settlement Administrator's costs and services as further defined in this Agreement.

35. **Employer Payroll Tax Costs:** In addition to the Total Maximum Settlement Amount set forth herein, at the same time that Defendant funds the settlement, it shall also wire an additional sum of $25,000 (twenty-five thousand dollars and zero cents) ("Payroll Tax Fund"), which shall be for the express purpose of funding any employer-side payroll taxes due on wage portion of the aforementioned Individual Payments to Plaintiffs. The Settlement Administrator shall satisfy the payment of all employer tax obligations from the Payroll Tax Fund.

## RELEASE OF CLAIMS

36. **Released Claims by the Settlement Class:** The Settlement Class shall release Released Parties for the Released Period from all federal and state wage-and-hour claims, rights, demands, liabilities, and causes of action, including but not limited to claims for unpaid wages, overtime compensation, alleged business expenses, liquidated damages, interest, attorneys' fees, and expenses, including but not limited to claims under the Fair Labor Standards Act, Illinois Minimum Wage Law, Illinois Wage Payment and Collection Act, and the Ohio Minimum Fair Wage Standards Act.

37. **Released Claims by Representative Plaintiffs:** In exchange for the consideration of their Service Award Payments, Representative Plaintiffs release and forever discharge the Released Parties from any and all claims, charges, complaints, actions, causes of action, suits, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and any other liabilities of any kind, nature, description, or character whatsoever that they may have against the Released Parties arising out any fact, condition, circumstance, or occurrence whatsoever, up to and including the entry date of an Order approving the Settlement, whether known or unknown, suspected or concealed, presently asserted or otherwise, except those that by law cannot be released.

## SETTLEMENT TIMELINE AND ADMINISTRATION

38.     The Parties agree to follow the following timeline for the completion of the Settlement and dismissal of the Action, with the clarification that, if any appeal of final approval is made by any person, that delays the "Effective Date" and no settlement payments or attorneys' fees payments shall be made until all appeals are decided and the case is returned to the district court, and there is a valid final and non-appealable order in place that the settlement payments or attorneys' fees should now be made.  If no such timely appeal is filed, the timelines are as follows:

a.   Settlement Approval: Representative Plaintiffs shall file an Unopposed Motion for Approval of Settlement as soon as practicable.  Defendant's counsel shall review and approve that Motion, and such consent shall not be unreasonably withheld.

b.   Production of Class Data: Within thirty (30) days of the Effective Date, Defendant shall provide the Settlement Administrator with the following information for all Representative Plaintiffs, Opt-In Plaintiffs, and Eligible Settlement Participants: (i) name, (ii) last known address, (iii) employee ID number; and (iv) social security number; ("Class Data Production"). The Settlement Administrator agrees to keep this information confidential, and use it only for the sole purpose of administering the settlement.

c.   Qualified Settlement Fund:   No later than the five (5) days after the Effective Date, the Settlement Administrator shall establish a settlement fund that meets the requirements of a Qualified Settlement Fund ("QSF") under US Treasury Regulation Section 468B-1. The QSF will have its own Employer Identification Number and shall use that EIN number in calculating payroll withholdings for taxes and shall calculate and transmit the required employers' and employees' share of withholdings to the appropriate state and federal tax authorities.

d.   Update of Settlement Class Members' Addresses: Upon receipt the Class Data Production, the Settlement Administrator will verify the most recent mailing addresses for Settlement Class Members by using the National Change of Address (NCOA) Database, or a comparable database.

e.   Funding the Settlement Account: Within twenty-one (21) days of the Effective Date, Defendant will deposit the Total Maximum Settlement Fund and the Payroll Tax Fund into the Qualified Settlement Account.

f.   Payment of the Employer Share of Payroll Taxes: Within seven (7) days of receipt of the Class Data Production, the Settlement Administrator shall determine the employer's share of payroll employment taxes on wage portion of Individual Payments to Eligible Settlement Participants, and shall communicate such amount to Defendant with a detailed explanation of the

calculations. The Settlement Administrator shall thereafter remit and report the applicable portions of the payroll tax payment from the Payroll Tax Fund to the appropriate taxing authorities on a timely basis for all Settlement Class Members who timely negotiate their checks pursuant to its duties and undertakings. Defendant agrees to reasonably cooperate with the Settlement Administrator to the extent necessary to determine the amount of the payroll tax payment required under this Section. To the extent the Payroll Tax Fund exceeds the amount of employer payroll taxes due, the Settlement Administrator shall return those funds to Defendant within 21 days of the date that checks are mailed to Eligible Settlement Participants.

g. <u>Issuance of Settlement Payments and Service Awards</u>: No earlier than 31 days following the Effective Date, and, assuming 31 days has passed, no later than the later of: (i) (21 days after Defendant fully funds the Settlement Account; and (ii) 21 days after the Class Data Production, , the Settlement Administrator shall make the following payments:

    i. The Settlement Administrator shall deliver Individual Payments via First Class U.S. Mail to each Eligible Settlement Participant for his or her share of the Settlement Fund. The Settlement Payment checks shall be negotiable by Eligible Settlement Participants for 60 days from the date they were mailed by the Settlement Administrator (the "Check Cashing Deadline"). The Settlement Administrator shall include a Settlement Notice, agreed to by the Parties, and attached as **Appendix 2** to this Joint Stipulation, with each check to each Settlement Class Member explaining the terms of the Settlement. The face of each check shall clearly state that the check must be presented for payment within 60 days.

    ii. The Settlement Administrator shall deliver the Representative Plaintiffs' Service Awards to Plaintiffs' Counsel for distribution.

    iii. If any Individual Payment check is returned to the Settlement Administrator as undeliverable with a forwarding address, the Settlement Administrator will forward the Individual Payment to the forwarding address. If any Individual Payment is returned to the Settlement Administrator as undeliverable without a forwarding address, the Settlement Administrator will run a new search for the updated address through available databases, such as Accurint, and will forward the Individual Payment to the new address obtained in this manner, if any. If, after this second mailing, the Individual Payment is again returned as undeliverable, and if no other forwarding address is provided by the Eligible Settlement Participant or otherwise located by the Check Cashing Deadline, the notice mailing process shall end for that Eligible Settlement Participant.

iv.  Within fourteen (14) days of the expiration of the Check Cashing Deadline, the Settlement Administrator shall provide to Defendant and Plaintiffs' Counsel: (A) scanned copies of the negotiated Settlement Payment checks, and (B) a list, in Excel format, of all Eligible Settlement Participants who have cashed their checks.

v.  If, after expiration of the Check Cashing Deadline, any amounts remain in the Qualified Settlement Account, the Settlement Administrator shall return those funds to Defendant within twenty-one (21) days after the expiration of the Check Cashing deadline.

h.  <u>Payment of Plaintiffs' Attorneys' Fees and Plaintiffs' Litigation Expenses:</u> The Settlement Administrator shall deliver Plaintiffs' Counsel's respective payments for Attorneys' Fees and Litigation Expenses by wire transfer within twenty-one (21) days after Defendant fully funds the Settlement Account, but no earlier than 31 days following the Effective Date.

i.  <u>Appeal:</u>  In the event a timely appeal is filed of the Court's approval order, this shall delay all the payments set forth in this Paragraph 38 until the date all appeals have been exhausted and the matter is returned to the district court,  and there is a valid final and non-appealable order approving the settlement in place that the settlement payments and/or attorneys' fees should now be made.

39.  The Parties agree that the back of each Individual Payment check to each Settlement Class member will contain the following endorsement:

By cashing this check, pursuant to 29 U.S.C. 216(b), I agree to join the case *Walker, et al v. Walgreens Specialty Pharmacy, LLC* and I agree to participate in the Settlement and be bound by the release of claims in the Settlement Agreement.

40.  The Parties agree that, pursuant to the Court's approval, the cashing of the check by any Eligible Settlement Participant shall operate as their opt-in to this case for settlement purposes only, under 29 U.S.C. §216(b), and bind them to the release set forth in this Agreement.

## APPROVAL AND DISMISSAL OF THE ACTION

41.  **Cooperation:** The Parties will agree to cooperate and take all steps necessary and appropriate to obtain approval of the Settlement by the District Court, to effectuate its terms, and to dismiss the action with prejudice.

42.  **Fair, Adequate and Reasonable Settlement:** The Parties will agree that the Settlement is fair, adequate, and reasonable, and will so represent to the District Court.

43. **Dismissal With Prejudice of the Action:** Upon entry of the District Court's Order approving the Settlement, the Action shall be dismissed with prejudice and final judgment shall be entered, with each Party bearing their own costs except as otherwise provided in this Agreement. The dismissal of this action shall further terminate any/all applicable tolling of any applicable statute of limitations, and the Parties shall revert to the status quo ante.

## PARTIES' AUTHORITY AND AUTHORIZATION

44. The respective signatories to the Settlement represent that they are fully authorized to enter into this Settlement and bind the respective Parties to its terms and conditions.

45. In the event that the Parties are unable to reach agreement on the form or content of any document needed to implement this Agreement, or on any supplemental provisions that may become necessary to effectuate the terms of this Agreement, the Parties will seek the assistance of mediator Frank A. Ray for resolution.

## MUTUAL FULL COOPERATION

46. The Parties and their respective counsel agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to, execution of such documents and such other actions as may reasonably be necessary to implement the terms of this Settlement. The Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate the terms of this Settlement.

## NO PRIOR ASSIGNMENTS

47. The Parties represent, covenant and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged in this Settlement.

## NO ADMISSION OF LIABILITY

48. Nothing contained in the Settlement shall be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant. Further, nothing in this Settlement shall be used or construed as an admission or estoppel that conditional and/or class certification of any size or scope would be proper in the absence of this voluntary settlement.

## CONSTRUCTION

49. The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement shall not

be construed in favor of or against any Party by reason of the extent to which any Party participated in the drafting of this Settlement.

## SEVERABILITY

50.     If any part of this Agreement is found to be illegal, invalid, inoperative, or unenforceable in law or equity, such finding shall not affect the validity of any other provisions of this Agreement, which shall be construed, reformed and enforced to affect the purposes thereof to the fullest extent permitted by law. If one or more of the provisions contained in the Agreement shall for any reason be held by a court of competent jurisdiction to be excessively broad in scope, subject matter or otherwise, so as to be unenforceable at law, the Parties agree that such provisions(s) shall be construed to be limited or reduced so as to be enforceable to maximum extent permitted under the applicable law.

## NO PUBLIC COMMENT/LIMITED CONFIDENTIALITY

51.     The Parties and their counsel agree that, other than the publicly filed settlement documents, they shall not issue any public statements or respond to any press inquiries regarding the settlement, or make any social media, website, or other postings or writings regarding the settlement. Notwithstanding the forgoing, the Parties may disclose the terms of this settlement as required by any applicable legal or contractual limitations, and Representative Plaintiffs may disclose the terms of this agreement to their attorneys, co-Plaintiffs, the Settlement Class members, accountants, immediate families, the Court and Court personnel, as necessary to seek Court approval of this Settlement, and otherwise as required by court or governmental order, subpoena, or as otherwise required by law.  Additionally, Representative Plaintiffs further agree they will not make any false or disparaging comments relative to the Released Parties or its employees, and Defendant agrees that, upon request from existing or prospective employers of Representative Plaintiff Boose, Defendant shall provide a neutral reference, confirming the fact of her employment, starting, and ending dates of employment, and former job title(s).

## MODIFICATION

52.     This Agreement may not be changed, altered, or modified, except in writing, signed by counsel for the Parties, and approved by the Court. This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by counsel for the Parties. Notwithstanding the foregoing sentences, without further Order of the Court, the Parties may agree in writing to extensions of time to carry out any of the provisions of this Agreement.

## INTEGRATION CLAUSE

53.     This Settlement contains the entire agreement between the Parties, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, relating to the resolution of the Action, are merged in this Settlement. No rights under this Settlement may be waived except in writing signed by the Parties.

## BINDING ON ASSIGNS

54.     This Settlement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

## COUNTERPARTS

55.     This Settlement may be executed in counterparts and may be signed electronically via PDF. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all Parties. Electronic and facsimile transmissions of this Settlement shall be deemed originals.

## BREACH

56.     If either Party breaches any of the terms and conditions of this Settlement, the non-breaching Party shall be entitled to reasonable attorneys' fees and expenses incurred to enforce the terms and conditions contained herein.

## JURISDICTION AND APPLICABLE LAW

57.     The parties will request that the Court expressly retain jurisdiction to enforce the terms of the Settlement.

58.     All terms and conditions of the Agreement and its exhibits will be governed by and interpreted by the laws of the State of Illinois.

## SIGNATORIES

59.     Representative Plaintiffs execute this Settlement on behalf of themself and in their representative capacity on behalf of the Plaintiffs and Settlement Class Members It is agreed that it is burdensome to have all of the Plaintiffs execute this Agreement. This Agreement shall have the same force and effect as if each of the Plaintiffs  and Settlement Class Members executed this Agreement.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the date indicated below:

Dated: _____          BRITTNEY WALKER


_____
Representative Plaintiff, Individually

Joint Stipulation of Settlement and Release
Page **11** of 12

and on Behalf of the Plaintiffs

Dated: _____

DUSHANNA BOOSE

_____
Representative Plaintiff, Individually
and on Behalf of the Plaintiffs

Dated: _____ WALGREENS SPECIALITY PHARMACY, LLC

_____

By: _____

Its: _____

86810757.v1-OGLETREE

*Walker, et al. v. Walgreens Speciality Pharmacy, LLC*
**Appendix 1**

| EmployeeID | Name | Party Status | Total Payment |
|---|---|---|---|
| 1 | Brittany Walker | Representative Plaintiff | $64.42 |
| 7143 | Dushanna Boose | Representative Plaintiff | $527.93 |
| | | | |
| 2 | Almond Scott | Existing Opt-In Plaintiff | $25.00 |
| 10008024 | Asha Nelson | Existing Opt-In Plaintiff | $353.93 |
| 10007600 | Denys Kravechenko | Existing Opt-In Plaintiff | $202.72 |
| 10012150 | Lisa Stierheim | Existing Opt-In Plaintiff | $1,146.58 |
| 3 | Lisa Tucker | Existing Opt-In Plaintiff | $25.00 |
| 3256 | Tameka Thomas | Existing Opt-In Plaintiff | $364.23 |
| 10003256 | Tameka Thomas | Existing Opt-In Plaintiff | $2,159.40 |
| | | | |
| 1061 | | Eligible Settlement Participant | $622.29 |
| 5203 | | Eligible Settlement Participant | $1,662.11 |
| 7145 | | Eligible Settlement Participant | $2,511.30 |
| 7147 | | Eligible Settlement Participant | $912.19 |
| 7149 | | Eligible Settlement Participant | $1,725.19 |
| 7150 | | Eligible Settlement Participant | $79.73 |
| 7153 | | Eligible Settlement Participant | $3,433.26 |
| 7157 | | Eligible Settlement Participant | $1,985.77 |
| 7158 | | Eligible Settlement Participant | $870.98 |
| 7160 | | Eligible Settlement Participant | $2,291.20 |
| 7161 | | Eligible Settlement Participant | $221.64 |
| 7164 | | Eligible Settlement Participant | $528.54 |
| 7165 | | Eligible Settlement Participant | $514.88 |
| 7167 | | Eligible Settlement Participant | $2,160.80 |
| 7168 | | Eligible Settlement Participant | $2,188.42 |
| 7169 | | Eligible Settlement Participant | $2,165.20 |
| 7406 | | Eligible Settlement Participant | $2,577.26 |
| 7500 | | Eligible Settlement Participant | $1,473.79 |
| 7592 | | Eligible Settlement Participant | $1,519.83 |
| 7597 | | Eligible Settlement Participant | $1,118.62 |
| 7598 | | Eligible Settlement Participant | $118.73 |
| 7609 | | Eligible Settlement Participant | $362.57 |
| 7614 | | Eligible Settlement Participant | $1,369.48 |
| 7619 | | Eligible Settlement Participant | $260.60 |
| 7620 | | Eligible Settlement Participant | $1,777.22 |
| 7626 | | Eligible Settlement Participant | $1,038.61 |
| 7638 | | Eligible Settlement Participant | $941.28 |
| 7683 | | Eligible Settlement Participant | $1,080.93 |
| 7758 | | Eligible Settlement Participant | $154.58 |

*Walker, et al. v. Walgreens Speciality Pharmacy, LLC*
**Appendix 1**

| EmployeeID | Name | Party Status | Total Payment |
|---|---|---|---|
| 7801 | | Eligible Settlement Participant | $778.25 |
| 7802 | | Eligible Settlement Participant | $887.44 |
| 7809 | | Eligible Settlement Participant | $929.03 |
| 7810 | | Eligible Settlement Participant | $284.51 |
| 7813 | | Eligible Settlement Participant | $25.00 |
| 7855 | | Eligible Settlement Participant | $876.79 |
| 7860 | | Eligible Settlement Participant | $812.77 |
| 7861 | | Eligible Settlement Participant | $76.50 |
| 7862 | | Eligible Settlement Participant | $873.77 |
| 7866 | | Eligible Settlement Participant | $1,269.86 |
| 7886 | | Eligible Settlement Participant | $1,077.25 |
| 7904 | | Eligible Settlement Participant | $74.69 |
| 7905 | | Eligible Settlement Participant | $153.21 |
| 7917 | | Eligible Settlement Participant | $1,781.69 |
| 10237 | | Eligible Settlement Participant | $1,738.30 |
| 10238 | | Eligible Settlement Participant | $1,481.09 |
| 10239 | | Eligible Settlement Participant | $595.78 |
| 10789 | | Eligible Settlement Participant | $577.94 |
| 10795 | | Eligible Settlement Participant | $1,752.24 |
| 11302 | | Eligible Settlement Participant | $25.00 |
| 11308 | | Eligible Settlement Participant | $386.46 |
| 11417 | | Eligible Settlement Participant | $1,858.43 |
| 11419 | | Eligible Settlement Participant | $282.44 |
| 11460 | | Eligible Settlement Participant | $1,025.21 |
| 11466 | | Eligible Settlement Participant | $1,510.33 |
| 11470 | | Eligible Settlement Participant | $913.46 |
| 11492 | | Eligible Settlement Participant | $1,998.88 |
| 11512 | | Eligible Settlement Participant | $1,645.11 |
| 11534 | | Eligible Settlement Participant | $1,139.45 |
| 11604 | | Eligible Settlement Participant | $358.24 |
| 11605 | | Eligible Settlement Participant | $1,463.21 |
| 11606 | | Eligible Settlement Participant | $1,438.57 |
| 11621 | | Eligible Settlement Participant | $1,527.60 |
| 11734 | | Eligible Settlement Participant | $621.05 |
| 11885 | | Eligible Settlement Participant | $25.00 |
| 11886 | | Eligible Settlement Participant | $1,713.73 |
| 11887 | | Eligible Settlement Participant | $1,592.19 |
| 11888 | | Eligible Settlement Participant | $1,616.41 |
| 11889 | | Eligible Settlement Participant | $238.60 |
| 11890 | | Eligible Settlement Participant | $954.88 |

*Walker, et al. v. Walgreens Speciality Pharmacy, LLC*
**Appendix 1**

| **EmployeeID** | **Name** | **Party Status** | **Total Payment** |
|---|---|---|---|
| 11932 | | Eligible Settlement Participant | $1,686.54 |
| 11933 | | Eligible Settlement Participant | $2,222.60 |
| 11936 | | Eligible Settlement Participant | $58.75 |
| 11937 | | Eligible Settlement Participant | $1,955.69 |
| 11938 | | Eligible Settlement Participant | $1,871.26 |
| 11941 | | Eligible Settlement Participant | $25.00 |
| 11944 | | Eligible Settlement Participant | $89.05 |
| 11945 | | Eligible Settlement Participant | $711.67 |
| 11946 | | Eligible Settlement Participant | $944.32 |
| 11947 | | Eligible Settlement Participant | $1,862.42 |
| 11969 | | Eligible Settlement Participant | $25.00 |
| 11979 | | Eligible Settlement Participant | $1,508.33 |
| 11980 | | Eligible Settlement Participant | $2,236.80 |
| 11992 | | Eligible Settlement Participant | $496.64 |
| 12017 | | Eligible Settlement Participant | $1,147.91 |
| 12018 | | Eligible Settlement Participant | $77.96 |
| 12117 | | Eligible Settlement Participant | $406.14 |
| 12120 | | Eligible Settlement Participant | $179.47 |
| 12135 | | Eligible Settlement Participant | $303.36 |
| 12150 | | Eligible Settlement Participant | $1,863.63 |
| 12160 | | Eligible Settlement Participant | $1,797.78 |
| 12166 | | Eligible Settlement Participant | $495.10 |
| 12175 | | Eligible Settlement Participant | $1,751.75 |
| 12216 | | Eligible Settlement Participant | $1,217.62 |
| 12427 | | Eligible Settlement Participant | $762.19 |
| 12434 | | Eligible Settlement Participant | $1,282.23 |
| 12441 | | Eligible Settlement Participant | $672.48 |
| 12765 | | Eligible Settlement Participant | $1,832.36 |
| 12783 | | Eligible Settlement Participant | $1,836.90 |
| 13444 | | Eligible Settlement Participant | $1,848.16 |
| 13445 | | Eligible Settlement Participant | $307.94 |
| 13492 | | Eligible Settlement Participant | $2,031.92 |
| 13572 | | Eligible Settlement Participant | $1,802.95 |
| 13574 | | Eligible Settlement Participant | $243.43 |
| 13613 | | Eligible Settlement Participant | $924.31 |
| 13631 | | Eligible Settlement Participant | $620.43 |
| 13643 | | Eligible Settlement Participant | $51.00 |
| 13651 | | Eligible Settlement Participant | $1,471.20 |
| 13685 | | Eligible Settlement Participant | $1,332.13 |
| 16807 | | Eligible Settlement Participant | $425.95 |

*Walker, et al. v. Walgreens Speciality Pharmacy, LLC*
**Appendix 1**

| EmployeeID | Name | Party Status | Total Payment |
|---|---|---|---|
| 68101 | | Eligible Settlement Participant | $2,000.99 |
| 576548 | | Eligible Settlement Participant | $447.38 |
| 10004618 | | Eligible Settlement Participant | $1,209.98 |
| 10007143 | | Eligible Settlement Participant | $1,742.46 |
| 10007144 | | Eligible Settlement Participant | $689.61 |
| 10007145 | | Eligible Settlement Participant | $1,517.74 |
| 10007146 | | Eligible Settlement Participant | $66.87 |
| 10007147 | | Eligible Settlement Participant | $1,296.13 |
| 10007148 | | Eligible Settlement Participant | $299.72 |
| 10007149 | | Eligible Settlement Participant | $1,135.54 |
| 10007150 | | Eligible Settlement Participant | $1,189.96 |
| 10007152 | | Eligible Settlement Participant | $809.12 |
| 10007153 | | Eligible Settlement Participant | $2,530.66 |
| 10007154 | | Eligible Settlement Participant | $50.15 |
| 10007157 | | Eligible Settlement Participant | $1,864.11 |
| 10007158 | | Eligible Settlement Participant | $1,999.88 |
| 10007160 | | Eligible Settlement Participant | $2,448.92 |
| 10007161 | | Eligible Settlement Participant | $3,662.44 |
| 10007162 | | Eligible Settlement Participant | $300.89 |
| 10007164 | | Eligible Settlement Participant | $973.98 |
| 10007165 | | Eligible Settlement Participant | $1,474.54 |
| 10007166 | | Eligible Settlement Participant | $1,535.48 |
| 10007167 | | Eligible Settlement Participant | $2,246.88 |
| 10007168 | | Eligible Settlement Participant | $1,722.37 |
| 10007169 | | Eligible Settlement Participant | $1,219.58 |
| 10007214 | | Eligible Settlement Participant | $454.80 |
| 10007215 | | Eligible Settlement Participant | $873.85 |
| 10007349 | | Eligible Settlement Participant | $75.22 |
| 10007350 | | Eligible Settlement Participant | $157.01 |
| 10007394 | | Eligible Settlement Participant | $25.00 |
| 10007406 | | Eligible Settlement Participant | $2,482.94 |
| 10007431 | | Eligible Settlement Participant | $100.30 |
| 10007438 | | Eligible Settlement Participant | $50.15 |
| 10007455 | | Eligible Settlement Participant | $473.50 |
| 10007500 | | Eligible Settlement Participant | $1,331.26 |
| 10007592 | | Eligible Settlement Participant | $1,208.98 |
| 10007593 | | Eligible Settlement Participant | $857.17 |
| 10007594 | | Eligible Settlement Participant | $366.91 |
| 10007595 | | Eligible Settlement Participant | $175.52 |
| 10007597 | | Eligible Settlement Participant | $1,075.59 |

*Walker, et al. v. Walgreens Speciality Pharmacy, LLC*
**Appendix 1**

| EmployeeID | Name | Party Status | Total Payment |
|---|---|---|---|
| 10007598 | | Eligible Settlement Participant | $1,407.11 |
| 10007599 | | Eligible Settlement Participant | $50.15 |
| 10007602 | | Eligible Settlement Participant | $360.32 |
| 10007606 | | Eligible Settlement Participant | $1,396.45 |
| 10007608 | | Eligible Settlement Participant | $200.40 |
| 10007609 | | Eligible Settlement Participant | $2,145.40 |
| 10007611 | | Eligible Settlement Participant | $606.96 |
| 10007613 | | Eligible Settlement Participant | $314.39 |
| 10007614 | | Eligible Settlement Participant | $1,672.98 |
| 10007616 | | Eligible Settlement Participant | $501.94 |
| 10007617 | | Eligible Settlement Participant | $204.46 |
| 10007619 | | Eligible Settlement Participant | $1,398.66 |
| 10007620 | | Eligible Settlement Participant | $2,356.68 |
| 10007622 | | Eligible Settlement Participant | $550.77 |
| 10007625 | | Eligible Settlement Participant | $742.08 |
| 10007626 | | Eligible Settlement Participant | $994.59 |
| 10007638 | | Eligible Settlement Participant | $2,668.44 |
| 10007645 | | Eligible Settlement Participant | $404.77 |
| 10007646 | | Eligible Settlement Participant | $204.23 |
| 10007683 | | Eligible Settlement Participant | $764.15 |
| 10007711 | | Eligible Settlement Participant | $734.97 |
| 10007758 | | Eligible Settlement Participant | $999.84 |
| 10007800 | | Eligible Settlement Participant | $25.72 |
| 10007801 | | Eligible Settlement Participant | $1,286.72 |
| 10007802 | | Eligible Settlement Participant | $871.57 |
| 10007803 | | Eligible Settlement Participant | $100.30 |
| 10007804 | | Eligible Settlement Participant | $958.60 |
| 10007805 | | Eligible Settlement Participant | $752.61 |
| 10007806 | | Eligible Settlement Participant | $285.44 |
| 10007807 | | Eligible Settlement Participant | $466.01 |
| 10007809 | | Eligible Settlement Participant | $1,528.18 |
| 10007810 | | Eligible Settlement Participant | $1,221.47 |
| 10007811 | | Eligible Settlement Participant | $1,178.83 |
| 10007812 | | Eligible Settlement Participant | $275.60 |
| 10007813 | | Eligible Settlement Participant | $562.93 |
| 10007814 | | Eligible Settlement Participant | $378.69 |
| 10007815 | | Eligible Settlement Participant | $681.20 |
| 10007816 | | Eligible Settlement Participant | $796.02 |
| 10007826 | | Eligible Settlement Participant | $376.17 |
| 10007830 | | Eligible Settlement Participant | $480.09 |

*Walker, et al. v. Walgreens Speciality Pharmacy, LLC*

**Appendix 1**

| EmployeeID | Name | Party Status | Total Payment |
|---|---|---|---|
| 10007855 | | Eligible Settlement Participant | $1,723.41 |
| 10007860 | | Eligible Settlement Participant | $1,047.44 |
| 10007861 | | Eligible Settlement Participant | $199.18 |
| 10007862 | | Eligible Settlement Participant | $1,713.51 |
| 10007863 | | Eligible Settlement Participant | $200.59 |
| 10007864 | | Eligible Settlement Participant | $401.18 |
| 10007865 | | Eligible Settlement Participant | $121.35 |
| 10007866 | | Eligible Settlement Participant | $1,312.82 |
| 10007867 | | Eligible Settlement Participant | $225.88 |
| 10007886 | | Eligible Settlement Participant | $773.13 |
| 10007904 | | Eligible Settlement Participant | $1,455.21 |
| 10007905 | | Eligible Settlement Participant | $1,568.06 |
| 10007911 | | Eligible Settlement Participant | $74.81 |
| 10007915 | | Eligible Settlement Participant | $632.77 |
| 10007916 | | Eligible Settlement Participant | $424.69 |
| 10007917 | | Eligible Settlement Participant | $1,738.56 |
| 10007925 | | Eligible Settlement Participant | $1,043.99 |
| 10008083 | | Eligible Settlement Participant | $1,025.12 |
| 10010236 | | Eligible Settlement Participant | $480.74 |
| 10010237 | | Eligible Settlement Participant | $876.92 |
| 10010238 | | Eligible Settlement Participant | $1,114.93 |
| 10010239 | | Eligible Settlement Participant | $1,170.66 |
| 10010551 | | Eligible Settlement Participant | $351.12 |
| 10010790 | | Eligible Settlement Participant | $100.11 |
| 10010795 | | Eligible Settlement Participant | $594.49 |
| 10011302 | | Eligible Settlement Participant | $1,121.07 |
| 10011308 | | Eligible Settlement Participant | $1,237.56 |
| 10011417 | | Eligible Settlement Participant | $1,353.67 |
| 10011419 | | Eligible Settlement Participant | $1,243.25 |
| 10011423 | | Eligible Settlement Participant | $50.05 |
| 10011424 | | Eligible Settlement Participant | $503.10 |
| 10011460 | | Eligible Settlement Participant | $1,613.10 |
| 10011461 | | Eligible Settlement Participant | $125.13 |
| 10011462 | | Eligible Settlement Participant | $1,019.64 |
| 10011463 | | Eligible Settlement Participant | $50.53 |
| 10011466 | | Eligible Settlement Participant | $462.15 |
| 10011470 | | Eligible Settlement Participant | $1,951.98 |
| 10011471 | | Eligible Settlement Participant | $296.11 |
| 10011483 | | Eligible Settlement Participant | $450.48 |
| 10011492 | | Eligible Settlement Participant | $1,500.30 |

*Walker, et al. v. Walgreens Speciality Pharmacy, LLC*
**Appendix 1**

| EmployeeID | Name | Party Status | Total Payment |
|---|---|---|---|
| 10011512 | | Eligible Settlement Participant | $540.47 |
| 10011532 | | Eligible Settlement Participant | $261.70 |
| 10011533 | | Eligible Settlement Participant | $860.10 |
| 10011534 | | Eligible Settlement Participant | $688.70 |
| 10011604 | | Eligible Settlement Participant | $652.12 |
| 10011605 | | Eligible Settlement Participant | $1,178.41 |
| 10011606 | | Eligible Settlement Participant | $1,339.32 |
| 10011607 | | Eligible Settlement Participant | $1,154.40 |
| 10011621 | | Eligible Settlement Participant | $1,303.29 |
| 10011715 | | Eligible Settlement Participant | $686.52 |
| 10011734 | | Eligible Settlement Participant | $1,400.10 |
| 10011752 | | Eligible Settlement Participant | $353.72 |
| 10011885 | | Eligible Settlement Participant | $868.68 |
| 10011886 | | Eligible Settlement Participant | $1,181.34 |
| 10011887 | | Eligible Settlement Participant | $1,095.94 |
| 10011888 | | Eligible Settlement Participant | $1,080.28 |
| 10011889 | | Eligible Settlement Participant | $638.01 |
| 10011890 | | Eligible Settlement Participant | $1,207.42 |
| 10011932 | | Eligible Settlement Participant | $961.72 |
| 10011933 | | Eligible Settlement Participant | $1,348.42 |
| 10011934 | | Eligible Settlement Participant | $484.58 |
| 10011935 | | Eligible Settlement Participant | $276.07 |
| 10011936 | | Eligible Settlement Participant | $681.90 |
| 10011937 | | Eligible Settlement Participant | $1,255.46 |
| 10011938 | | Eligible Settlement Participant | $1,188.46 |
| 10011939 | | Eligible Settlement Participant | $51.04 |
| 10011940 | | Eligible Settlement Participant | $201.20 |
| 10011941 | | Eligible Settlement Participant | $217.51 |
| 10011944 | | Eligible Settlement Participant | $1,197.02 |
| 10011945 | | Eligible Settlement Participant | $1,095.55 |
| 10011946 | | Eligible Settlement Participant | $1,788.22 |
| 10011947 | | Eligible Settlement Participant | $625.62 |
| 10011969 | | Eligible Settlement Participant | $291.54 |
| 10011970 | | Eligible Settlement Participant | $722.22 |
| 10011979 | | Eligible Settlement Participant | $998.27 |
| 10011980 | | Eligible Settlement Participant | $1,553.76 |
| 10011990 | | Eligible Settlement Participant | $257.23 |
| 10011992 | | Eligible Settlement Participant | $844.03 |
| 10012017 | | Eligible Settlement Participant | $1,138.25 |
| 10012018 | | Eligible Settlement Participant | $464.49 |

*Walker, et al. v. Walgreens Speciality Pharmacy, LLC*
**Appendix 1**

| <u>EmployeeID</u> | <u>Name</u> | <u>Party Status</u> | <u>Total Payment</u> |
|---|---|---|---|
| 10012117 | | Eligible Settlement Participant | $1,281.19 |
| 10012118 | | Eligible Settlement Participant | $25.00 |
| 10012119 | | Eligible Settlement Participant | $25.03 |
| 10012120 | | Eligible Settlement Participant | $892.94 |
| 10012121 | | Eligible Settlement Participant | $100.22 |
| 10012128 | | Eligible Settlement Participant | $234.51 |
| 10012133 | | Eligible Settlement Participant | $150.76 |
| 10012135 | | Eligible Settlement Participant | $865.80 |
| 10012149 | | Eligible Settlement Participant | $200.21 |
| 10012160 | | Eligible Settlement Participant | $1,009.99 |
| 10012165 | | Eligible Settlement Participant | $251.68 |
| 10012166 | | Eligible Settlement Participant | $1,093.66 |
| 10012175 | | Eligible Settlement Participant | $1,371.01 |
| 10012176 | | Eligible Settlement Participant | $100.11 |
| 10012216 | | Eligible Settlement Participant | $1,193.79 |
| 10012262 | | Eligible Settlement Participant | $228.99 |
| 10012412 | | Eligible Settlement Participant | $449.82 |
| 10012427 | | Eligible Settlement Participant | $710.40 |
| 10012434 | | Eligible Settlement Participant | $1,019.84 |
| 10012440 | | Eligible Settlement Participant | $522.69 |
| 10012441 | | Eligible Settlement Participant | $979.34 |
| 10012765 | | Eligible Settlement Participant | $531.51 |
| 10012783 | | Eligible Settlement Participant | $744.25 |
| 10013444 | | Eligible Settlement Participant | $665.31 |
| 10013445 | | Eligible Settlement Participant | $428.13 |
| 10013492 | | Eligible Settlement Participant | $526.87 |
| 10013572 | | Eligible Settlement Participant | $388.06 |
| 10013574 | | Eligible Settlement Participant | $218.05 |
| 10013613 | | Eligible Settlement Participant | $228.26 |
| 10013631 | | Eligible Settlement Participant | $237.44 |
| 10013643 | | Eligible Settlement Participant | $231.91 |
| 10013651 | | Eligible Settlement Participant | $205.70 |
| 10013685 | | Eligible Settlement Participant | $213.22 |

*Walker, et al. v. Walgreens Speciality Pharmacy, LLC*
**Appendix 2**

**COLLECTIVE ACTION SETTLEMENT NOTICE**

<u>*Brittney Walker and Dushanna Boose, et al., v. Walgreens Specialty Pharmacy, LLC*, Case No. 21-cv-005780 (N.D. Ill.)</u>

You are receiving this notice because you are eligible to participate in a settlement and receive a settlement payment. You are not being sued and this is not a solicitation from a lawyer. Rather, this notice is to notify you that due to your former employment with Defendant Walgreens Specialty Pharmacy, LLC ("AllianceRx" or "the Company") in a call center role in the State of Illinois between April 1, 2019 and June 30, 2023 ("Relevant Period"), you are eligible to participate in the settlement and receive a portion of the settlement amount.  This makes you an "Eligible Settlement Participant." Please read this notice carefully.

A lawsuit was filed against AllianceRx alleging that individuals employed in call center roles were not properly paid for time spent logging on/off of AllianceRx's systems.  AllianceRx denies the allegations in the case, denies any violation of the law, and specifically asserts that it has paid its employees accurately and lawfully at all times.  The Court presiding over the matter has not decided who is right and who is wrong.  Rather, the parties agreed to resolve this matter prior to a judge reaching the merits of the case solely with the intention of avoiding further disputes and litigation with the attendant inconvenience and expense. The settlement was approved by a federal court in Illinois, and a settlement check is enclosed.

**Your legal rights may be affected, and you have a choice to make now.
Read this entire notice.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **CASH YOUR SETTLEMENT CHECK** | By cashing the enclosed settlement check, you agree to participate in the settlement, receive the enclosed monetary settlement payment, and release your claims against the Company as further described below. The enclosed check must be cashed within **60 days** in order to participate in the settlement. |
| **DO NOTHING; DO NOT CASH THE CHECK** | If you do not wish to participate in or be bound by the settlement, you should not cash the enclosed settlement check. If you do not cash the check, you will not receive a settlement payment, and you will not release any claims against the Company. |

1

**Basic Information**

| **1. Why did I get this notice?** |
|---|

You received this notice because the Company's records reflected that you worked for AllianceRx in a call center role in the State of Illinois during the Relevant Period. This notice explains the lawsuit, the settlement, your legal rights, and what benefits are now available.

| **2. What is the lawsuit about?** |
|---|

Plaintiffs alleged that the Company failed to pay them and others for all hours worked, including time spent logging on/off of Company systems. The Company denies all the claims, denies that certain activities are or were compensable work, and asserts that it paid all its employees accurately and lawfully at all times. The Court has not made any ruling on the merits of the claims or the defenses, and has made no determination about who is right or wrong. Instead, the Parties reached this settlement to avoid further disputes and litigation.

| **3. What is a collective action?** |
|---|

In a "Collective Action," one or more people called "Named Plaintiffs" sue on behalf of people who they believe have similar claims. When other employees who have similar claims join the Collective Action, they become "Collective Members" or "Opt-in Plaintiffs." You may opt into the Collective Action and participate in the settlement of the lawsuit by cashing the enclosed check.

| **4. Why is there a settlement?** |
|---|

The Court has not made any decisions concerning claims or defenses in favor of Plaintiffs or the Company. Instead, the Parties agreed to this settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expense. That way, they avoid the cost of further litigation and potentially a trial, avoid the uncertainty in connection with continuing to litigate the matter, and the people affected will get compensation.

**The Settlement Benefits – What You Get**

| **5. What does the settlement provide and how was my payment calculated?** |
|---|

The Company has agreed to pay the total sum of $460,000 to resolve the lawsuit (the "Settlement Fund"). The Settlement Fund shall be used to pay: (i) the settlement payments to all Eligible Settlement Participants; (ii) Plaintiffs' Counsel's Attorneys' Fees in the amount of $153,333.33; (iii) Plaintiffs' Counsel's Litigation Costs in the amount of $5312.70; (iv) Service Awards to the two Named Plaintiffs in the total amount of $10,000; and (v) settlement administration costs in the amount of approximately $6,200.

After subtracting attorneys' costs and fees, the service payments, and the costs of settlement administration, the remaining settlement funds (the "Net Settlement Fund") for Eligible Settlement

Participants was divided based on calculations performed by Plaintiffs' Counsel using time and payroll records produced by AllianceRx, and subject to a minimum payment of $25.00.

**Settlement checks that are not cashed within 60 days will be null and void**, and such funds will return to the Company.

| **6. What am I giving up if I cash the check?** |
| --- |

Once you cash your check, you cannot sue, continue to sue, or be a party in any other lawsuit against the Company relating to the wage and hour claims at issue in this case during the time period covered by the settlement, including wage and hours claims under the FLSA, federal, state and local law, or common law, as well as any related claims for liquidated damages, penalties, attorneys' fees and costs, expenses and interest. It also means that all of the Court's orders will apply to you and legally bind you. If you do not cash your check, you will not participate in the settlement or release any claims, you will not receive any money from the settlement, and you will not be bound by the Court's orders.

The Release in the Settlement Agreement provides as follows:

> The Settlement Class shall release Released Parties for the Released Period from all federal and state wage-and-hour claims, rights, demands, liabilities, and causes of action, including but not limited to claims for unpaid wages, overtime compensation, alleged business expenses, liquidated damages, interest, attorneys' fees, and expenses, including but not limited to claims under the Fair Labor Standards Act, Illinois Minimum Wage Law, Illinois Wage Payment and Collection Act, and the Ohio Minimum Fair Wage Standards Act.

Your endorsement of the check constitutes your acceptance of this Release.

**The Lawyers Representing You**

| **7. Do I have a lawyer in this case?** |
| --- |

Upon cashing your check, you will be consenting to join this case and accept the settlement, and you will designate attorneys Matthew Grimsley, Anthony Lazzaro, and Lori Griffin of The Lazzaro Law Firm, LLC and Michael Fradin, Attorney at Law. These lawyers are called "Plaintiffs' Counsel." You will not be charged for these lawyers' services.

You do not need to retain your own attorney in order to participate in the settlement.

| **8. How will these lawyers be paid?** |
| --- |

The Court has approved payment of attorneys' fees in the amount of approximately one-third (1/3) of the total settlement amount, plus reimbursement of the attorneys' actual out-of-pocket costs. These fees will compensate Plaintiffs' Counsel for investigating the facts, litigating the case, negotiating the settlement, and Plaintiffs' Counsel's out-of-pocket costs.

**Getting More Information**

| 9.  How do I get more information? |
|---|

If you have other questions about the settlement, you can contact Settlement Administrator, whose contact information is provided below:

**Atticus Administration**
1250 Northland Dr., Suite 240
Mendota Heights, MN 55120
1-844-728-8428
www.atticusadmin.com
**Settlement Administrator**